IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS J. LOWERY,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF UTAH; UTAH THIRD DISTRICT COURT; and ANTHONY B. QUINN, in his official capacity as a Utah Third District Court Judge,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:06-cv-00372-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). There are several motions pending in this case;[1] however, given the following analysis of Plaintiff's complaint under 28 U.S.C. § 1915 ("in forma pauperis statute"), only Plaintiff's motion for leave to amend his complaint will be specifically addressed.

## BACKGROUND

The court previously granted Plaintiff's motion for leave to proceed in forma pauperis.[2] Plaintiff's complaint[3] is based upon Judge Anthony B. Quinn's dismissal of a civil suit filed by

---

[1] Docket no. 8 (Defendants' motion to dismiss), docket no. 11 (Plaintiff's motion for "Reasonable Modifications of Rules, Policies, or Practices"), docket no. 12 (Plaintiff's motion for leave to amend his complaint).

[2] Docket no. 2.

[3] Docket no. 3.

Plaintiff in state court.  Plaintiff alleges that Judge Quinn's actions–including repeated failures to grant Plaintiff's requests for oral argument, failure to accommodate Plaintiff's mental disabilities, and dismissal of the case–violated Plaintiff's civil rights and denied Plaintiff the opportunity to have meaningful access to state courts.  Although Plaintiff has named both the State of Utah and the Utah Third District Court as defendants, the allegations contained in his complaint focus exclusively on the actions of Judge Quinn.

## ANALYSIS

### I.  Dismissal Under In Forma Pauperis Statute

The in forma pauperis statute states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  The United States Supreme Court has construed the meaning of "frivolous" within the context of the in forma pauperis statute, specifically holding that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact.  As the Courts of Appeals have recognized, [the in forma pauperis statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The in forma pauperis statute "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory."  *Id*. at 327.  An example of these types of claims are those "against which it is clear that the defendants are immune from suit."  *Id*.

The court has determined that all of Plaintiff's claims fall under this category.  Even construing Plaintiff's pleadings liberally, as the court is required to do because he is proceeding

2

pro se, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), the court has determined that all of Plaintiff's claims are barred by the doctrine of judicial immunity.

"A long line of [the United States Supreme] Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam). This immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id*. at 10 (quotations and citation omitted). "'Judicial immunity is not overcome by allegations of bad faith or malice . . . .'" *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006) (alteration in original) (quoting *Mireles*, 502 U.S. at 12). "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Id*. at 1034.

The allegations contained in Plaintiff's complaint focus exclusively on the actions of Judge Quinn. In addition, all of these allegations describe actions undertaken by Judge Quinn in his judicial capacity. Therefore, all of Plaintiff's claims against Judge Quinn are barred by the doctrine of judicial immunity. *See id*.

In addition to Judge Quinn, Plaintiff has named the State of Utah and the Utah Third District Court as defendants in this case. However, nowhere in Plaintiff's complaint does he include allegations of actions taken by anyone other than Judge Quinn that would form a basis for any of his claims. Plaintiff cannot hold the State of Utah and the Utah Third District Court liable for actions undertaken by Judge Quinn in his judicial capacity because, as previously

stated, any claims based upon these actions are barred by the doctrine of judicial immunity. Plaintiff cannot circumvent this doctrine simply by naming nonjudicial parties as defendants.

Because the doctrine of judicial immunity bars all of Plaintiff's claims in this case, **IT IS HEREBY RECOMMENDED** that his complaint be dismissed, with prejudice.

## II. Plaintiff's Motion for Leave to Amend

Pursuant to rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting Fed. R. Civ. P. 15(a)). However, even under this liberal standard for amendment of pleadings, "'the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

After reviewing Plaintiff's proposed amended complaint, which is attached to his motion for leave to amend, the court has determined that Plaintiff's proposed amendment does nothing to affect the court's foregoing analysis under the in forma pauperis statute. Accordingly, even if Plaintiff were given leave to amend his complaint, it would still be subject to dismissal and,

consequently, the amendment would be futile. *See id*. Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for leave to amend his complaint[4] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of October, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] Docket no. 12.